*E-Filed 2/23/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT E. JOHNSON, | No. C 11-1980 RS (PR) |
| Plaintiff, | **ORDER VACATING ORDER OF SERVICE;** |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| FRANCISCO JACQUES, et al., | |
| Defendants. | |

### INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff has filed a second amended complaint. Plaintiff's motion to file such complaint (Docket No. 17) is GRANTED. The Clerk shall terminate Docket No. 17. The second amended complaint is now the operative complaint in this action and entirely replaces, and renders inoperative, all prior complaints. The Court now reviews the second amended complaint pursuant to 28 U.S.C. § 1915A (a). **The order of service on the prior complaint (Docket No. 6) is VACATED, and the parties are relieved of their duties under that order.**

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that (1) C. Williams, (2) N. Adam, and (3) N. Ikegbu, all physicians employed at Pelican Bay State Prison, along with (4) K. Vail, and (5) C. Silva, both nurses at Pelican Bay, rendered constitutionally inadequate medical care in violation of plaintiff's Eighth Amendment rights. Liberally construed, plaintiff has stated cognizable claims under § 1983 as to these defendants.

1    Plaintiff has failed to allege facts sufficient to state claims against Robert E. Johnson,
2 Francisco Jacques, and G.D. Lewis, former and current wardens of Pelican Bay, or against
3 M. Sayre, Chief Medical Officer at Pelican Bay.  Plaintiff alleges that these persons are liable
4 owing to their supervisory positions.  This is insufficient to state claims under § 1983.  There
5 is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
6 1989).  It is not enough that the supervisor merely has a supervisory relationship over the
7 defendants; the plaintiff must show that the supervisor "participated in or directed the
8 violations, or knew of the violations and failed to act to prevent them."  *Id.*

9    Furthermore, supervisor defendants are entitled to qualified immunity where the
10 allegations against them are simply "bald" or "conclusory" because such allegations do not
11 "plausibly" establish the supervisors' personal involvement in their subordinates'
12 constitutional wrong.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009) (noting no
13 vicarious liability under Section 1983 or *Bivens* actions).  So it is insufficient for a plaintiff to
14 allege only that supervisors knew about the constitutional violation and that they generally
15 created policies and procedures that led to the violation, without alleging "a specific policy"
16 or "a specific event" instigated by them that led to the constitutional violations.  *Hydrick v.*
17 *Hunter*, No. 03-56712, slip op. 280, 288–89 (9th Cir. Jan. 12, 2012).

18    Accordingly, the second amended complaint is DISMISSED WITH LEAVE TO
19 AMEND.  Plaintiff shall file an amended complaint within 30 days from the date of this
20 order, or the action will be dismissed.  The third amended complaint must address all the
21 deficiencies listed above, and include the caption and civil case number used in this order
22 (11-1980 RS (PR)) and the words THIRD AMENDED COMPLAINT on the first page.
23 Because an amended complaint **completely replaces** the previous complaints, plaintiff must
24 include in his third amended complaint **all** the claims he wishes to present and **all** of the
25 defendants he wishes to sue, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992),
26 including those claims found cognizable above.  Plaintiff may **not** incorporate material from
27 the prior complaint by reference.  Failure to file an amended complaint in accordance with

this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  February 22, 2012

_____
RICHARD SEEBORG
United States District Judge